# EXHIBIT "A"

*Law Offices of*
EDWARD HARRINGTON HEYBURN, ESQ.
**Edward Harrington Heyburn, Esq.**
Attorney Id. 024161997
7 Poplar Run
East Windsor, New Jersey 08520
Tel. (609) 240-5578 Fax (609) 228-5115
heyburn@heyburnlaw.com
Attorneys for Plaintiff, Edward Forchion

| | |
|---|---|
| EDWARD FORCION;<br><br>             Plaintiff,<br><br>v.<br><br>MERCER COUNTY PROSECUTOR ANGELO ONFRI, CITY OF TRENTON, TRENTON POLICE DEPARTMENT, POLICE DIRECTOR EARNEST PARREY, CAPTAIN EDELMIRO GONZALEZ JR., DET. YOLANDA WARD, POLICE OFFICER HERBERT FLOWERS and JOHN DOE 1-100;<br><br>           Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY<br><br>DOCKET NO:<br><br>*CIVIL ACTION*<br><br>COMPLAINT and JURY DEMAND |

Plaintiff, Edward Forchion, residing, New Jersey, by way of a Complaint says:

### JURISDICTION AND VENUE

1. This action to vindicate Plaintiffs rights protected by the First, Fourth, and Fourteenth Amendments to the U.S. Constitution is brought under 42 U.S.C. § 1983 (also known as the "Ku Klux Klan Act"), the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et seq.* and the New Jersey Constitution;

2. Venue is proper in the Superior Court of New Jersey, Mercer County pursuant in that the defendants are subject to personal jurisdiction within Mercer County and the events that give rise to this action occurred within Mercer County.

### PARTIES

3. Plaintiff, Edward Forchion, is a resident of New Jersey;

4. Defendant, Angelo Onfri is the Mercer County Prosecutor and the lead law enforcement officer in Mercer County and is being sued in both his individual and official capacities;

5. Defendant, City of Trenton is a political subdivision of the State of New Jersey and manages, directs, and controls the Trenton Police Department, which employs Defendants Police Director Earnest Parrey, Captain Edelmiro Gonzalez Jr., Det. Yolanda Ward and John Doe 1-100;

6. Defendant, Trenton Police Department is a municipal agency of the City of Trenton;

7. Defendant, Earnest Parrey, is the Police Director for the Trenton Police Department and is being sued in both his individual and official capacities;

8. Defendant, Edelmiro Gonzalez, is a Captain for the Trenton Police Department and is being sued in both his

individual and official capacities;

9.   Defendant, **Yolanda Ward**, is a Detective for the Trenton Police Department and is being sued in both her individual and official capacities;

10.   Defendant, **Herbert Flowers**, is a Police Officer for the Trenton Police Department and is being sued in both his individual and official capacities;

11.   Defendants, **JOHN DOE 1-100**, are individuals and municipal agents that are currently unidentified but at all times relevant during this Complaint, responsible for the harm cause to Plaintiff;

## FACTS

12.   Plaintiff, Edward Forchion incorporates the aforementioned paragraphs as if set forth at length herein;

13.   At all times relevant, Plaintiff, Edward Forchion operated a small business in the City of Trenton more commonly known as "The Joint" with its principal place of business located at 322 East State Street, Trenton, New Jersey;

14.   At all times relevant, Plaintiff, Edward Forchion operated a religious organization in the City of Trenton more commonly known as "The Liberty Bell Temple" with its principal place of business located at 322B East State Street, Trenton, New Jersey;

15.   On or about February 28, 2016, Defendant, Captain

Edelmiro Gonzalez and Defendants, John Doe 1-100 went to "The Joint" and "The Liberty Bell Temple" with purpose to harass, annoy and prevent congregants at "The Liberty Bell Temple" from worshiping in the manner consistent with their religious beliefs;

16. On the same day, Defendant, Captain Edelmiro Gonzalez and Defendants, John Doe 1-100 rousted Plaintiff, Edward Forchion and the congregants at "The Liberty Bell Temple" from the temple at 322B East State Street, Trenton, New Jersey;

17. By rousting Plaintiff, Edward Forchion and the congregants at "The Liberty Bell Temple" from the temple at 322B East State Street, Trenton, New Jersey, Defendant, Captain Edelmiro Gonzalez and Defendants, John Doe 1-100 intentionally denied Plaintiff, Edward Forchion his right to religious freedom;

18. Thereafter, Defendant, Captain Edelmiro Gonzalez and Defendants, John Doe 1-100 filed false police reports to implicate Plaintiff, Edward Forchion in illegal behavior;

19. Based on information and belief, Defendant, Captain Edelmiro Gonzalez and Defendants, John Doe 1-100 were not aware that their actions were captured on the surveillance video for "The Joint" and "The Liberty Bell Temple";

20. On or about, Edward Forchion filed a civil rights

Complaint on behalf of himself and Liberty Bell Temple, III, LLC in the United States District Court for the District of New Jersey;

21.   The Complaint named the City of Trenton and the Trenton Police Department as defendants;

22.   Jacqueline A. DeGregorio, Esq. of Weiner Lesnial, LLP appeared on behalf of Defendants, City of Trenton and Trenton Police Department;

23.   Jacqueline A. DeGregorio, Esq. filed a Motion to Dismiss Plaintiff, Edward Forchion's civil rights Complaint with the United States District Court for the District of New Jersey;

24.   Attached to the Motion to Dismiss was a Certification of Edelmiro Gonzalez Jr. which is dated April 1, 2016 and attached as Exhibit "A" and incorporated herein;

25.   Attached to the Motion was a sworn Affidavit from Trenton Police Captain, Edelmiro Gonzalez, Jr., which stated:

> Edelmiro Gonzalez Jr., of full age, hereby certifies as follows:
>
> 1. I am a member of the Trenton Police Department ("TPD") possessing the rank of Captain. In my supervisory capacity with the TPD, I am fully familiar with the facts giving rise to this matter.

\*\*\*

> 6. On February 28, 2016 at 2:30 a.m., officers were detailed to 322 East State Street on the report from a private individual of disorderly conduct involving a

> street fight. When the officers arrived there were
> approximately 30 people outside of the deli/temple.
> The crowd had apparently exited 322 East State Street.
> One person was arrested and charged with resisting
> arrest, improper behavior and failure to disperse. See
> redacted Event and Incident/Investigation Reports
> attached as Exhibits "C" and "D".

***

(Affidavit of Trenton Police Captain, Edelmiro Gonzalez, Jr.
dated April 1, 2016 and attached as Exhibit "A");

26. Defendant, Edelmiro Gonzalez prepared the Affidavit
under the color of law and signed the Affidavit with the proviso
"I certify that the foregoing statements made by me are true. I
am aware that if any of the foregoing statements made by me are
willfully false, I am subject to punishment."

27. Defendant, Edelmiro Gonzalez redacted the names of
alleged callers to conceal the fact that these calls were
fabricated by him and Defendant John Doe 1-100;

28. On April 6, 2016, Plaintiff, Edward Forchion filed a
brief in opposition to Defendants, City of Trenton and Trenton
Police Department's Motion to Dismiss with the United States
District Court for the District of New Jersey;

29. Plaintiff, Edward Forchion titled this brief, "Fraud
Upon the Court. Motion to Vacate Defendants Brief";

30. In the opposition brief, Plaintiff, Edward Forchion
advised the Court of the following issues:

LAW OFFICES OF EDWARD HARRINGTON HEYBURN, ESQ.

(6)

a. Defendant, Edelmiro Gonzalez's Affidavit was fraudulent;

b. The premises at 322-320(a)-(b) have 27 cameras that cover not only 90% of the inside and 100% of the outside, (front and backyards) including street coverage from Stockton Street to Barry Hogan Way";

c. The video footage captured by these cameras demonstrated that Defendant, Edelmiro Gonzalez lied to the United States District Court for the District of New Jersey;

31. Thereafter, Defendants, Captain Edelmiro Gonzalez, Det. Yolanda Ward and John Doe 1-100 conspired to seize Plaintiff, Edward Forchion's surveillance cameras to cover up Defendant, Captain Edelmiro Gonzalez's perjury;

32. In furtherance of this conspiracy, Defendants, Det. Yolanda Ward and John Doe 1-100 prepared Affidavits of Probable Cause wherein the source of the "probable cause" was only identified as a cooperating witness;

33. On April 18, 2016 Defendant, Det. Yolanda Ward signed the Affidavit of Probable cause in her capacity as a Detective for the Trenton Police Department and under the color of law. (See a copy of Det. Yolanda Ward's Affidavit of Probable Cause dated April 18, 2016 and attached as Exhibit "B");

34. Det. Yolanda Ward's Affidavit of Probable Cause was submitted under the color of law as a pre-text to authorize

Defendants, Trenton Police Department, Captain Edelmiro Gonzalez, Det. Yolanda Ward and John Does 1-100 to seize the video surveillance which demonstrated that Captain, Edelmiro Gonzalez's perjury;

35. The actions described above were done with the knowledge and consent of Defendants, Angelo Onfri and Trenton Police Director Earnest Parrey;

36. Defendants, Angelo Onfri and Trenton Police Director Earnest Parrey turned a blind eye to the illegal and unconstitutional actions of Defendants, Trenton Police Department, Captain Edelmiro Gonzalez, Det. Yolanda Ward and John Does 1-100;

37. On April 27, 2016, with the knowledge and consent of both Defendants, Angelo Onfri and Police Director Earnest Parrey, Defendants, Trenton Police Department, Captain Edelmiro Gonzalez, Det. Yolanda Ward and John Does 1-100 armed with military grade weapons and full riot gear stormed into:

a. "The Joint" located at 322B East State Street, Trenton, New Jersey;

b. "The Liberty Bell Temple" located at 322B East State Street, Trenton, New Jersey;

39. During the course of the April 27, 2016 raid, Defendants, Trenton Police Department, Captain Edelmiro Gonzalez, Det. Yolanda Ward and John Does 1-100 seized various

property of Plaintiff, Edward Forchion including the surveillance video described above and $475 in cash;

40.   On April 27, 2016, Defendants, Trenton Police Department, Captain Edelmiro Gonzalez, Det. Yolanda Ward and John Does 1-100 seized two vehicles owned by Plaintiff, Edward Forchion, namely a 1986 Ford Econoline E150 van;

41.   The search warrant issued by the Hon. Anthony Massi did not authorize the 1986 Ford Econoline E150 van. (See a copy of the search warrant signed by the Hon. Anthony Massi dated April 18, 2016 and attached as Exhibit "C");

42.   Thereafter, on April 29, 2016, Defendant, Det. Yolanda Ward retroactively requested a search warrant for the 1986 Ford Econoline E150 van. (See a copy of the Affidavit of Probable Cause signed by Det. Yolanda Ward on April 29, 2016 and attached as Exhibit "D");

43.   Based on information and belief no evidence or contraband was found inside the 1986 Ford Econoline E150 van;

44.   Based on information and belief the 1986 Ford Econoline E150 van was taken to Hawk's towing and destroyed without Plaintiff, Edward Forchion's consent thereby depriving him of his property;

45.   At all times relevant to this complaint, Defendants, City of Trenton, Trenton Police Department and John Does 1-100 issued numerous tickets against Edward Forchion alleging he

violated Trenton Municipal Ordinances § 167-1 *et seq.* and § 146-22;

46.   Trenton Municipal Ordinance § 146-22 provides:

Hours established; public access when closed; alcoholic beverage premises.

A. No establishment on a premises whose building or grounds are closer than 100 feet to the closest point of the building or grounds of a residential property situated within any residential zone of the City shall not be open for business or conduct business or invite or permit access by the general public for any purposes between the hours of 11:00 p.m. of any day and 6:00 a.m. of the following day, prevailing time.

B. During the hours of closing prescribed herein the property shall be securely closed against access by the public to the building and to the parking areas by the use of appropriately sized and placed fencing, posts or chains and by posting "No Trespassing" signs.

C. Locations that operate primarily as a licensed alcoholic beverage premises shall not be open for business or conduct business or allow the service, consumption, or delivery of any alcoholic beverage directly or indirectly during the hours as set by § 10-5 of the City of Trenton Code.

D. **At no time shall any business, operation or establishment other than a licensed alcoholic beverage premises be allowed to operate between the hours of 2:00 a.m. and 6:00 a.m.**

(Trenton Municipal Ordinance § 146-22)(*emphasis added*).

48.   Defendants, City of Trenton, Trenton Police Department and John Does 1-100 selectively enforced this ordinance against Plaintiff, Edward Forchion while allowing other businesses such

as Taco Bell and Domino's Pizza to operate well after the 11:00 pm business curfew;

49.    Defendants, City of Trenton, Trenton Police Department and John Does 1-100 waged a campaign against Plaintiff, Edward Forchion's business by selectively stopping customers of "The Joint", conducting targeted motor vehicle stops of these customers and instructing these customers that they should not patronize the business because it is under investigation;

50.    Defendants, City of Trenton, Trenton Police Department and John Does 1-100 contacted businesses neighboring 322 East State Street, Trenton, New Jersey and instructed the businesses that they should not permit congregants of the "Liberty Bell Temple" to use its barking lots because Plaintiff, Edward Forchion was under investigation;

51.    Defendants, City of Trenton, Trenton Police Department and John Does 1-100 routine parked marked patrol cars at or near 322 East State Street, Trenton, New Jersey in an effort to deter people from patronizing Plaintiff, Edward Forchion's business;

52.    As a result of the illegal campaign by Defendants, City of Trenton, Trenton Police Department and John Does 1-100 customers stopped patronizing "The Joint" and Plaintiff, Edward Forchion suffered significant finical losses;

53.    On or about May 10, 2016, frustrated by the illegal police conduct, Plaintiff, Edward Forchion stood outside his

business on East State Street during business hours and held up
a sign that said "We R Open Fuck the Police";

54.   At the same time, Plaintiff, Edward Forchion expressed
his displeasure with the illegal police conduct and stated "Fuck
the police!";

55.   Defendant, Police Officer Herbert Flowers, in full
police uniform attempted to prevent Plaintiff, Edward Forchion
from holding up his sign that said "We R Open Fuck the Police";

56.   While Defendant Flowers was attempting to prevent
Plaintiff Forchion from holding his sign up, Mr. Forchion called
a pedophile;

57.   Based on information and belief, Defendant, Flowers
has engaged in sexual conduct with at least one under age female
while on duty and assigned to the "victim's" apartment building
in Trenton, New Jersey;

58.   A third party recorded the exchange between Plaintiff,
Edward Forchion and Defendant, Herbert Flowers and posted the
video to at least one form of social media;

59.   Acting under the color of law, Defendant, Herbert
Flowers caused the Trenton Municipal Court to issue charges
against, Plaintiff, Edward Forchion for "Cyber-bullying"
(Herbert Flowers) contrary to N.J.S.A. § 2C:33-4.1;

60.   Thereafter, Defendants, City of Trenton, Trenton
Police Department and John Does 1-100 entered Plaintiff, Edward

Forchion's business and arrested him based on the charges filed by Defendant, Herbert Flowers;

61.   The arrest was not only illegal; it was designed to intimidate customers of "The Joint" from patronizing Mr. Forchion business;

### The City of Trenton's Policy, Practice, and Custom

62.   Defendants, City of Trenton and Trenton Police Department have a policy, practice and custom of arresting and confiscating phones and video equipment where the operator records police officers in public contrary to the provisions of the First and Fourteenth Amendments of the United States Constitution and the New Jersey Constitution;

63.   Trenton police officers routinely arrest and/or detain civilians who observe and record police activities;

64.   Trenton Police Officers act in this fashion in order to intimidate civilians so that they will not continue to monitor and record police behavior and in retaliation against civilians' constitutionally protected activity;

65.   Defendants, City of Trenton and Trenton Police Department have a policy, practice and custom of selectively enforcing statutes to retaliate against individuals such as Plaintiff, Edward Forchion contrary to the provisions of the First and Fourteenth Amendments of the United States Constitution and the New Jersey Constitution;

66.   Defendants, City of Trenton and Trenton Police Department have a policy, practice and custom of allowing Trenton Police Officers to fabricate "confidential informants" and "cooperating witnesses" in order to obtain warrants to search and for arrest contrary to the provisions of the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and New Jersey Constitution;

67.   Defendants, City of Trenton and Trenton Police Department have a policy, practice and custom of allowing Trenton Police Officers to arrest citizens for exercising free speech contrary to the provisions of the First, Fourth and Fourteenth Amendments of the United States Constitution and New Jersey Constitution;

68.   Defendants, City of Trenton and Trenton Police Department have a policy, practice and custom of allowing Trenton Police Officers to seize assets for the purpose of forfeiture even when no crime has been committed contrary to the provisions of the First, Fourth and Fourteenth Amendments of the United States Constitution and New Jersey Constitution;

69.   Defendants, City of Trenton and Trenton Police Department are aware that when police seize small amounts of money or assets it becomes futile for a person to contest forfeiture because the cost of defending the action would exceed the value of the confiscated property;

70.   As a result, most forfeiture actions result in default judgments in favor of the State of New Jersey;

71.   Defendants, City of Trenton and Trenton Police Department have a policy, practice and custom of protecting Trenton police officers that commit illegal acts.  The policy, practice and custom is so pervasive that Trenton police officers know they can commit illegal acts with impunity;

72. Supervisory officials, up to and including Defendants, Angelo Onfri and Trenton Police Director Earnest Parrey, are aware of, and have been deliberately indifferent to the above policies, practices and customs despite the fact that said policies, practices and customs are not only illegal but are certain to result in the violation of the publics civil liberties;

73.   Prior to the arrest of and use of force against Mr. Forchion on April 27, 2016, Defendant City of Trenton, through its policymakers, knew or had reason to know of these practices due to multiple incidents reported to local media and involving police misconduct conduct similar to that of the Defendants, Captain Edelmiro Gonzalez, Det. Yolanda Ward, Police Officer Herbert Flowers and John Does 1-100;

## Failure to Train Supervise or Discipline

74.   Defendants, City of Trenton, Trenton Police Department, Angelo Onfri and Trenton Police Director Earnest Parrey have failed to train Trenton police officers in the following areas:

a.    Individuals' civil liberties and rights;

b.    Individuals' First Amendment right to freedom of speech, religion and assembly;

c.    Individuals' Fourth Amendment protections;

d.    Individuals' Fourteenth Amendment protections, including Equal Protection;

e.    Individuals' rights under the New Jersey Constitution;

75.   Defendants, City of Trenton, Trenton Police Department, Angelo Onfri and Trenton Police Director Earnest Parrey have failed to supervise Trenton police officers in the following areas:

a.    Use of cooperating witnesses and confidential informants;

b.    Use of force;

c.    Confiscation of cell phones and video recording devices;

d.    Search and seizure procedures;

e.    Destruction of evidence;

76.     Defendants, City of Trenton, Trenton Police
Department, Angelo Onfri and Trenton Police Director Earnest
Parrey have failed to discipline Trenton police officers in the
following areas:

a.     Police officers who commit crimes while on duty;

b.     Police officers who fabricate cooperating witnesses
and confidential informants;

c.     Police officers who submit perjured affidavits
including affidavits of probable cause;

d.     Police officers who take illegal substances including
human growth hormones and steroids;

e.     Police officers who destroy evidence including video
surveillance depicting police officers abusing their power;

76.     Defendants, City of Trenton, Trenton Police
Department, Angelo Onfri and Trenton Police Director Earnest
Parrey have refused to institute a policy requiring in-car dash
cameras for all police vehicles in an effort to bury their heads
in the sand enabling them to turn a blind eye toward widespread
police corruption in the City of Trenton;

77.     at all times relevant to the Complaint, Defendant,
Trenton Police Director Earnest Parrey were aware that, "These
recordings will help reduce the he-said she-said accounts of an
incident and provide an unbiased account of events," and "This
new level of transparency is critical and will help [the Trenton

Police Department] continue to build trust between our officers and our community."

CAUSES OF ACTION

COUNT ONE

(Violation of 42 U.S.C.A. § 1983)

78.   Plaintiff, Edward Forchion incorporates the aforementioned paragraphs as if set forth at length herein;

79.   The actions of Defendants, Captain Edelmiro Gonzalez, Det. Yolanda Ward, Police Officer Herbert Flowers and John Does 1-100 violated the Plaintiff, Edward Forchion's protections set forth under 42 U.S.C. § 1983 (also known as the "Ku Klux Klan Act");

80.   As a result of the aforementioned violations of Plaintiff, Edward Forchion's Constitutional and statutory protections, Plaintiff has suffered damages and economic losses;

**WHEREFORE**, Plaintiff, Edward Forchion demands judgment in his favor and against Defendants, Captain Edelmiro Gonzalez, Det. Yolanda Ward, Police Officer Herbert Flowers and John Does 1-100, jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit, including attorney fees.

## COUNT TWO

### (Violation of the New Jersey Civil Rights Act,

### N.J.S.A. 10:6-1, *et seq.*)

81.   Plaintiff, Edward Forchion incorporates the aforementioned paragraphs as if set forth at length herein;

82.   The actions of Defendants, Captain Edelmiro Gonzalez, Det. Yolanda Ward, Police Officer Herbert Flowers and John Does 1-100 violated the Plaintiff, Edward Forchion's protections set forth under N.J.S.A. 10:6-1, *et seq.* (also known as the "New Jersey Civil Rights Act");

83.   As a result of the aforementioned violations of Plaintiff, Edward Forchion's Constitutional and statutory protections, Plaintiff has suffered damages and economic losses;

**WHEREFORE**, Plaintiff, Edward Forchion demands judgment in his favor and against Defendants, Captain Edelmiro Gonzalez, Det. Yolanda Ward, Police Officer Herbert Flowers and John Does 1-100, jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit, including attorney fees.

## COUNT THREE

### (Monell Claims pursuant to 42 U.S.C.A. §1983)

84.   Plaintiff, Edward Forchion incorporates the aforementioned paragraphs as if set forth at length herein;

85.   Defendants, City of Trenton, Trenton Police Department, Angelo Onfri and Trenton Police Director Earnest Parrey failed to train, supervise or discipline Trenton police officers as set forth above which was certain to lead to the type of violation of Constitutional and statutory rights suffered by the Plaintiff, Edward Forchion;

WHEREFORE, Plaintiff, Edward Forchion demands judgment in his favor and against Defendants, City of Trenton, Trenton Police Department, Angelo Onfri and Trenton Police Director Earnest Parrey pursuant to 42 U.S.C.A. § 1983 jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit and attorney fees.

## COUNT FOUR

### (Failure to Train Supervise or Discipline pursuant to the New Jersey Civil Rights Act)

86.   Plaintiff, Edward Forchion incorporates the aforementioned paragraphs as if set forth at length herein;

87.   Defendants, City of Trenton, Trenton Police Department, Angelo Onfri and Trenton Police Director Earnest Parrey failed to train, supervise or discipline Trenton police officers as set forth above which was certain to lead to the type of violation of Constitutional and statutory rights

suffered by the Plaintiff, Edward Forchion;

**WHEREFORE**, Plaintiff, Edward Forchion demands judgment in his favor and against Defendants, City of Trenton, Trenton Police Department, Angelo Onfri and Trenton Police Director Earnest Parrey pursuant to N.J.S.A. 10:6-1, *et seq.* jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit and attorney fees.

### COUNT FIVE

### (False Arrest)

88.   Plaintiff, Edward Forchion incorporates the aforementioned paragraphs as if set forth at length herein;

89.   The actions of all Defendants as set forth above caused Plaintiff, Edward Forchion to be falsely arrested;

**WHEREFORE**, Plaintiff, Edward Forchion demands judgment in his favor and against all Defendants, jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit and attorney fees.

### COUNT SIX

### (Replevin)

90.   Plaintiff, Edward Forchion incorporates the aforementioned paragraphs as if set forth at length herein;

91.   As a result of the tortious conduct of all Defendants, Plaintiff, Edward Forchion's property was seized by Defendants;

92.   Plaintiff, Edward Forchion demands return of his

property identified in Exhibit "E";

WHEREFORE, Plaintiff, Edward Forchion demands judgment in his favor and against all Defendants, jointly, severally or in the alternative a return of his property with interest and costs of suit and attorney fees.

COUNT SEVEN

(Tortious Interference with Business Interests)

93.  Plaintiff, Edward Forchion incorporates the aforementioned paragraphs as if set forth at length herein;

93.  As a result of the tortious conduct of all Defendants, Plaintiff, Edward Forchion's sustained economic losses as a result of all Defendants interference with his business interests.

WHEREFORE, Plaintiff, Edward Forchion demands judgment in his favor and against all Defendants, jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit and attorney fees.

EDWARD HARRINGTON HEYBURN, ESQ.
Attorneys for Plaintiff,
Edward Forchion

Dated:  August 22, 2016

LAW OFFICES OF EDWARD HARRINGTON HEYBURN, ESQ.

(22)

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## NOTICE OF TRIAL COUNSEL

Please take notice that Edward Harrington Heyburn, Esq. is hereby designated as Trial Counsel in the above captioned matter, pursuant to Rule 4:25 et. seq.

## CERTIFICATION

Pursuant to the requirements of Rule 4:5 1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. OTHER ACTIONS PENDING?......................YES XX NO___

 A. If YES   Parties to other Pending Actions.
City of Trenton, Trenton Police Department

 B. In my opinion, the following parties should be joined in the within pending Cause of Action. None.

2. OTHER ACTIONS CONTEMPLATED?...................YES ___ NO X

LAW OFFICES OF EDWARD HARRINGTON HEYBURN, ESQ.

(23)

A. If YES   Parties contemplated to be joined, in
other Causes of Action.

3. ARBITRATION PROCEEDINGS PENDING?.............YES ___ NO __X__

A. If YES   Parties to Arbitration Proceedings.

B. In my opinion, the following parties should be joined in the
pending Arbitration Proceedings.

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?....YES ___ NO __X__

A. If YES   Parties contemplated to be joined to
Arbitration Proceedings.

In the event that during the pendency of the within Cause
of Action, I shall become aware of any change as to any facts
stated herein, I shall file an amended certification and serve a
copy thereof on all other parties (or their attorneys) who have
appeared in said Cause of Action.

EDWARD HARRINGTON HEYBURN, ESQ.
Attorneys for Plaintiff,
Edward Forchion

Dated: August 22, 2016